**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GILBERTO BENZ-PUENTE, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 24-cv-2835** |
| | : | |
| **TRANSUNION LLC,** | : | |
| **Defendant.** | : | |

<u>**MEMORANDUM**</u>

**Joseph F. Leeson, Jr.**                                                      **July 2, 2024**
**United States District Judge**

Plaintiff Gilberto Benz-Puente, Jr., initiated this civil action by filing a *pro se* Complaint

against Transunion LLC ("Transunion") for violation of the Fair Credit Reporting Act, 15 U.S.C.

§§ 1681-1681x ("FCRA").  Benz-Puente seeks leave to proceed *in forma pauperis*.  For the

following reasons, the Court will grant Benz-Puente leave to proceed *in forma pauperis* and

dismiss the Complaint.

## I.      FACTUAL ALLEGATIONS[1]

Benz-Puente's allegations are brief.  He claims that Transunion has a duty to ensure

100% accuracy when it comes to creating a credit report but "willfully chose not to comply with

the law after being notified of factual inaccuracies on [his] consumer report as well as the

specific laws that were being violated."  (Compl. at 1-2.)  He also asserts that Transunion acted

negligently.  (*Id.* at 2.)  Finally, he asserts that Transunion, "as a furnisher of information to

consumer reporting agencies, had a duty to investigate and correct inaccurate information on

---

[1] The factual allegations are taken from Benz-Puente's Complaint (ECF No. 2.)  The
Court adopts the pagination supplied by the CM/ECF docketing system.

[his] credit report after receiving notice of a dispute from a consumer reporting agency," but failed to perform its duty.  (*Id.*)  He seeks money damages.

## II.      STANDARD OF REVIEW

Because Benz-Puente appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted).  An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

## III.      DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir.

2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies ("CRAs") like Transunion "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[2]

CRAs are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To state a plausible claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry.  *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of

---

[2] The FCRA provides for civil liability for noncompliance due to willfulness and negligence.  *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

information contained in his file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."  15 U.S.C. § 1681i(a)(1)(A). During the 30-day period, the consumer reporting agency "shall review and consider all relevant information submitted by the consumer," *id*., § 1681i(a)(4), and if the item of information is found to be inaccurate or incomplete, or cannot be verified, the consumer reporting agency shall "promptly deleted that item of information" and "notify the furnisher of that information that the information has been modified or deleted from the file of the consumer."  *Id*., § 1681i(a)(5)(A). The CRA shall also "provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation." *Id*., § 1681i(a)(6)(A).

To establish that a CRA is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate.  *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021).  "[I]nformation that is technically accurate but materially

misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345

(citing *Shaw v. Transunion Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).  Additionally,

the CRA "may terminate a reinvestigation of information disputed by a consumer . . . if the

agency reasonably determines that the dispute by the consumer is frivolous or irrelevant,

including by reason of a failure by a consumer to provide sufficient information to investigate

the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

Benz-Puente asserts that Transunion failed to fulfill its responsibilities under § 1681e(b)

and § 1681i(a) with regard to consumer credit report.[3]  However, the Complaint contains no

allegations about what information was inaccurate.  Because Benz-Puente fails to identify and

describe in any way how, why, and in what manner the information he claims was inaccurate, his

claims are not plausible and must be dismissed.  *See Cook v. Transunion*, No. 23-1146, 2024 WL

128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to

allege sufficient facts regarding the inaccurate information); *Shastri v. Transunion Info. Sols.,

Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Transunion's

motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'"

plaintiff never clearly disputed the accuracy of the information included on the credit report);

*Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr.

20, 2020) (finding that permitting proposed amended complaint would be futile where plaintiff

failed to state factually how, why or in what manner any information plaintiff disputed was

inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL

---

[3] To the extent that Benz-Puente seeks to hold Transunion liable as a "furnisher" of
information, that claim would also not be plausible.  As state above, a CRAs like Transunion
collect consumer credit data from furnishers, such as banks and other lenders.  A CRA is not
itself a furnisher.  *Accord*, *West v. TransUnion LLC*, No. 23-4051, 2024 WL 2925959, at *3
(E.D. Pa. June 10, 2024) ("Experian is not a furnisher; it's a CRA.")

3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report). *Accord Hill v. Genesis F.S. Card Servs.*, No. 21-4232, 2021 WL 5865610, at *2 (E.D. Pa. Dec. 10, 2021) (dismissing FCRA claim on statutory screening where the plaintiff did not, *inter alia*, "make any allegations regarding the specific nature of the false and inaccurate information").

Furthermore, while Benz-Puente alleges that Transunion failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a), his allegations concerning its actions are conclusory. Because conclusory allegations that merely recite the elements of a cause of action are not sufficient to allege a plausible claim for purposes of statutory screening, *see Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"), Benz-Puente's claims based on violations of § 1681e(b) and § 1681i(a) cannot proceed as pled. *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Benz-Puente's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Benz-Puente will be given leave to file an amended complaint if he is capable of correcting the defects the Court has noted in his claims.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*_____
**JOSEPH F. LEESON, JR.**
**United States District Judge**